## Case No. 10,094.

### The NELLIE.

[8 Ben. 261.] [1]

District Court, E. D. New York. Nov., 1875.

TUG-BOAT AND TOW—CONTRACT—DAMAGE FROM ICE.

A contract was made on behalf of a tub-boat to tow a canal-boat from the foot of Fourteenth street, East river, to One Hundred and Thirty-First street North river, and there leave her in a safe and suitable place for the discharge of her cargo. Under this contract the tug-boat towed the canal-boat to the foot of One Hundred and Thirty-First street, North river, where she was placed at the north side of a pier. This was then a safe place, but it was one where on the change of the tide the boat might be injured by ice. Demand was made of the captain of the tug-boat that he should place the canal-boat on the lower side of the pier, but this was not done and the canal-boat moved up to the bulkhead and began to discharge her cargo. About four hours after, on the change of the tide, ice was brought down upon the canal-boat and crushed her. The owners of the canal-boat and of her cargo filed libels to recover for the damage: *Held*, that no breach of the contract on the part of the tug-boat had been shown and, that the libels must be dismissed.

In admiralty.

---

## Case No. 10,095.

### The NELLIE.

[Blatchf. Pr. Cas. 553] [1]

District Court, S. D. New York. Oct. 14, 1863.

PRIZE — VIOLATION OF BLOCKADE — ADDITIONAL PROOF.

In this case, no witnesses having been sent in with the vessel, and no reason being furnished for not producing them, and the commander of the capturing vessel being examined by order of the court, but not furnishing any proof of any violation of the blockade, or that the captured property was enemy property, the court ordered the case to stand over for further proof as to the criminality of the vessel, and in order that the absence of all evidence from on board of her might be accounted for, and allowed six months time for that purpose.

In admiralty.

BETTS, District Judge. This vessel and cargo were captured at sea, about 25 miles northeast from Port Royal, South Carolina, March 29, 1863, by a United States ship-of-war. The vessel was, by due valuation and course of procedure, taken for the use of the United States at the time, and the cargo was

---

[1] [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Samuel Blatchford. Esq.]

sent to this port for adjudication. Due service and return of the warrant of attachment and of the monition were made; and, no one intervening in defence of the action, judgment of condemnation and forfeiture was regularly entered, by default, against the vessel and cargo.

In the absence of other witnesses in the case, John J. Almy was, by order of the court, examined in preparatorio in the cause. He testifies that he was present at the capture of the Nellie at sea; that she had no papers on board; that she was captured because she was found at sea without papers; that her master acknowledged that he had run the blockade out of Charleston with her, and was bound to Nassau; that the capture was made by the United States ship-of-war under command of the witness; that the vessel carried about 75 bales of cotton; and that her master' said he came out of Charleston and was going to Nassau, and knew all about the war. No witnesses were sent in with the captured vessel, nor is any reason furnished for not producing them. No doubt the officer making seizure of a vessel at sea is a competent witness to prove the act of capture, and also circumstances, accompanying the capture, which afford reasonable cause for believing the culpability of the property arrested. No proof is furnished by Captain Almy that the vessel in fact evaded the blockade of Charleston, or that the person who made the declarations testified to has been really master of the Nellie, or that the Nellie or her lading were enemy property. The unseaworthiness of the prize vessel and her appropriation to the use of the United States are, prima facie, adequately authenticated if the prize is shown to have been enemy property at the time or to have violated the blockade.

The case must stand over for further proof as to the criminality of the vessel seized, and in order that the absence of all evidence from on board of her may be accounted for; and it is ordered by the court that the United States be allowed the period of six months from the entry of this decree to produce proof to that end.